DORIS HUBBLE *v.* KATHLEEN MARGARET HUBBLE ET AL

5-5395                                    460 S. W. 2d 58

Opinion delivered November 30, 1970

*Carpenter, Finch & McArthur,* for appellant.

*Spitzberg, Mitchell & Hays* and *Rose, Barron, Nash, Williamson, Carroll & Clay,* for appellees.

LYLE BROWN, Justice. This suit concerns the validity of a settlement of property rights as between the heirs of Hannibal Hampton Hubble. The appellant is Doris Hubble, an heir; the appellees are Kathleen Margaret Hubble, a pretermitted grandchild, and Georgia P. Tucker, Executrix. Doris Hubble here asserts that the finding of the probate court that there was a valid compromise agreement between the parties interested in the estate was not supported by a preponderance of the evidence.

Primary beneficiaries under the holographic will of Hannibal H. Hubble were Georgia P. Tucker; Gertrude Hubble, decedent's alleged widow; and Doris Hubble, decedent's daughter by Gertrude. The estate was substantial and varied—going businesses, stocks, real estate, savings, and notes receivable. The orderly administra-

tion of the estate was made complicated by two principal factors, (1) it was determined by the probate court that Kathleen Margaret Hubble was a pretermitted grandchild, and (2) Gertrude Hubble, the apparent widow, sued Holiday Inns of America and others, alleging that her late husband had conveyed valuable lands to them without a release of her dower. Those who were sued by Gertrude in turn filed claims against the estate asking for reimbursement for any sums for which they were held liable to Gertrude.

Four or five meetings were held to explore settlement of the difficulties created by the described incidents. The final meeting, which culminated in the controversial settlement in the form of a precedent for judgment, was held on April 29, 1968. The following persons attended that meeting: Mr. Wayne W. Owen, attorney for Gertrude and Doris Hubble; Mr. Fornes, an attorney of Cleveland, Ohio, also representing Gertrude and Doris Hubble; Georgia Tucker, the executrix of the estate; Gertrude Hubble; Mr. Henry Spitzberg, attorney for Kathleen Hubble; Mr. Dane Clay, attorney for the estate; and Mr. John T. Williams, attorney for Holiday Inns and another client which had been sued by Gertrude and which had filed claims against the Hubble estate. The six-hour conference produced an apparent meeting of the minds and Mr. Clay was elected to prepare and circulate a precedent for a consent order. When the draft was circulated there were some objections by Messrs. Spitzberg and Fornes, who felt that certain parts affecting their clients should be clarified to more appropriately reflect the agreement insofar as their clients were concerned. Those changes were made to the satisfaction of the attorneys for the objecting parties; however, Mr. Fornes held the precedent for some time until he could confer with appellant in Cleveland. As a result of that conference he returned the precedent unsigned because his client instructed him that her permission would be forthcoming only if she were paid some cash.

In December 1969, on petition of appellees, the probate court conducted a hearing and found that the sub-

mitted precedent was a true representation of the terms of compromise and agreement resulting from the conference of April 29, 1968. Appellant urges that the ruling is not supported by a preponderance of the evidence. In making a determination of the issue we examine the evidence in the same manner as in chancery cases. *State* v. *Snow,* 230 Ark. 746, 324 S. W. 2d 532 (1959).

The petitioners (appellees), who sought validation of the precedent for judgment, called all the witnesses produced at the hearing. Attorney Fornes of Ohio did not appear, nor did appellant Doris Hubble. An attorney for Doris cross-examined the witnesses.

Attorney John T. Williams explained the reason for his presence in the conference at Mr. Owen's office in April 1968. Suits had been filed by Gertrude Hubble to establish a dower interest in four different tracts of land which Hannibal Hampton Hubble had sold as a single man. The defendants were Holiday Inns of America, John Hancock Mutual Life Insurance Company (Williams's clients), Bruce Bullion, Agent, and Urban Renewal Agency of North Little Rock. Those parties were controverting the existence of a surviving widow. Williams asserted that there was a meeting of the minds of counsel and parties present at the six-hour conference and that the proposed precedent accurately reflected the agreed settlement. Williams was so certain of an harmonious agreement that he forthwith obtained a final order of dismissal of the cases against his clients. Additionally, Gertrude Hubble was paid a substantial sum of money, contributed to by Holiday Inns, John Hancock, Urban Renewal, and the Hubble estate. Those payments were made, so Williams asserted, because those parties participating in the payments thought all controversies were settled. The witness also stated that Attorneys Fornes and Owen participated as representatives of Gertrude and Doris Hubble. He related that the settlement by his clients was of interest to Doris Hubble because Williams's clients withdrew their claim against the Hubble estate for whatever amounts they might be adjudged to pay if their deeds proved defective.

Attorney Wayne W. Owen testified that he, along with Attorney Fornes, represented at the meeting Gertrude Hubble, the widow, and appellant Doris Hubble, an adult daughter of the deceased. The three-fold purpose of the meeting was described as (1) to settle Gertrude Hubble's dower claim in the Holiday Inns property, (2) to settle the interest of Gertrude and Doris in the Hubble estate insofar as matters other than the trust for Doris were concerned, and (3) to settle the claim of the pretermitted heir, Kathleen Margaret Hubble. It was Mr. Owen's opinion that full and complete accord was reached on all points and incorporated in the proposed precedent. He related that appellant had, subsequent to the conference and pursuant to one of the agreements there reached, executed a deed to Kathleen Margaret Hubble, conveying Doris's interest in certain tourist court property in North Little Rock. He explained that subsequent to the execution of the deed and the payment of monies described by Mr. Williams, Doris Hubble directed Mr. Fornes and the witness not to approve the proposed precedent. Hence the absence of the signatures of those two attorneys. Mr. Owen was asked on cross-examination what Doris Hubble received for giving up, by the terms of the agreement, certain interests in the Hubble estate, to which he replied:

A. She got exempted from the claim of Mr. Williams against the estate for his damage sustained by Hannibal having conveyed as a single person the properties in the Holiday Inn.

Q. Wasn't she equally affected by the property going to her mother? I mean, doesn't that balance out? Did she gain anything from this consent order or agreement?

A. Oh, yes. If that had not happened—let's say that we had recovered from Holiday Inn $50,000. Then, under the warranty of Mr. Hubble, Mr. Williams' clients would have been entitled to recover from his estate to the extent of $50,000.

Witness W. Dane Clay, who represented the Hubble estate, corroborated the witnesses whose testimony we have summarized, and elaborated on some additional features of the case. The described conference was the fourth or fifth meeting of all the parties and/or their attorneys. He related that Gertrude Hubble, who was present at the final meeting, was asked specifically if her daughter, the appellant, was represented by Mr. Owen and Mr. Fornes, and she replied affirmatively. After all issues were settled, according to the witness, he was selected to draft the precedent for the agreed order. He explained the reason for a first and second draft of the precedent. Mr. Spitzberg, on behalf of Kathleen Hubble, wanted a change made in paragraph five of the first draft. Mr. Fornes, on behalf of appellant, wanted a change in the same paragraph. Also at Mr. Fornes request, a new paragraph was added. Mr. Clay emphasized that the changes did not vary the settlement agreement but merely clarified certain points. The final draft was transmitted to Mr. Fornes, who wrote that the document met with his approval and he expected in a matter of days to have appellant in his office for a conference and "I hope to have the consent entry in the mail to you shortly." Mr. Fornes later wrote that appellant refused to let him sign the order unless appellant was paid some cash. Mr. Clay's description of appellant's benefits derived from the settlement are summarized as follows:

> Doris Hubble gained considerably out of this. She gained a settlement of her mother's dower claim for several tens of thousands of dollars less than she was claiming. That increases the estate in which Doris is a beneficiary and therefore increases what she would get from the estate. Gertrude Hubble's dower claim was substantially in excess of the two pieces of real estate and the $3,000.00 in cash that we paid her. In addition she gained a substantial diminution in the claim of Mr. Spitzberg.

Georgia P. Tucker, the executrix, testified that she was present during the entire meeting in Mr. Owen's office; that she had examined the final draft of the prece-

dent and that it reflected the agreements of all persons present at the meeting. She recited the numerous estate transactions which immediately followed the conference, all in reliance upon, and in conformity with, the contents of the agreement.

In addition to the positive testimony of all the witnesses that there was a meeting of the minds, there is the added factor of substantial part performance which immediately followed. Those performances included dismissal of the lawsuits, payment to Gertrude of considerable monies, assignment of dower to Gertrude, payments to Kathleen Hubble, the pretermitted grandchild, and the release by appellant of her claim to certain tourist court property.

We conclude that the probate court's findings are sustained by a preponderance of the evidence.

Affirmed.